**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SURINDER SINGH PADWAL,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-71730<br><br>Agency No. A097-592-359<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:  WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Surinder Singh Padwal, a native and citizen of India, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997), and we deny the petition for review.

Padwal testified to problems he had after refusing the bribery attempts of influential members of a Hindu political party. The agency found that sweeping changes have occurred in India, including the elections of 2004, and that Padwal failed to establish a reasonable fear of future harm which has a nexus to a protected ground. The record does not compel a contrary conclusion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) (to reverse the agency's finding "we must find that the evidence not only supports that conclusion, but compels it"); *see also* 8 C.F.R. § 1208.13(b)(1)(i)(A). Because this finding is dispositive, we do not reach Padwal's remaining contentions. Accordingly, Padwal's asylum and withholding of removal claims fail. *See Sowe v. Mukasey*, 538 F.3d 1281, 1288 (9th Cir. 2008).

Finally, Padwal fails to raise any substantive challenge to the denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not addressed in the argument portion of a brief are deemed waived).

**PETITION FOR REVIEW DENIED.**